## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| AMANDA WEEKS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:23-CV-77 (LAG) |
| COLQUITT COUNTY, GEORGIA, COLQUITT COUNTY SHERIFF'S OFFICE, SHERIFF ROD HOWELL, individually and in his official capacity as Sheriff of Colquitt County, Deputy Kyle Jones, individually and in his official Capacity as an employee of the Colquitt County Sheriff's Office, | : |
| Defendants. | : |

## **ORDER**

Before the Court is Plaintiff's Motion to Dismiss. (Doc. 48). Plaintiff filed a Complaint in the Superior Court of Colquitt County, Georgia on May 31, 2023, seeking monetary damages as compensation for various torts committed by Defendant Deputy Kyle Jones, an employee of the Colquitt County Sheriff's Office. (Doc. 1-2). As of October 3, 2023, all Defendants have answered or otherwise responded to the Complaint. (*See* Doc. 27, 28). This Court, on March 24, 2025, granted in part and denied in part Defendant Jones' Motion to Dismiss and granted Defendants Colquitt County and Sheriff Rod Howell's Motion to Dismiss. (Doc. 40). In so doing, the only remaining claims exist against Defendant Jones in his individual capacity. (*See* Doc. 40 at 26–27). Plaintiff, without stipulation of dismissal from Defendants, "requests this action be dismissed." (Doc. 40 at 2). Plaintiff represents that since this Court's March 24, 2025, Order "Plaintiff has successfully negotiated a settlement with one of the previously named Defendants and the settlement is a full resolution of the dispute at issue in this litigation." (Doc. 48 at 1). The

only remaining Defendant, Defendant Jones, did not respond nor object to Plaintiff's Motion to Dismiss. (*See* Docket).

Federal Rule of Civil Procedure 41(a)(2) provides that "except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "[T]he decision whether or not to grant [a voluntary] dismissal is within the sound discretion of the district court . . . ." *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991) (per curiam) (citing *LeCompte v. Mr. Chip, Inc.*, 428 F.2d 601, 604 (5th Cir. 1976)); Fed. R. Civ. P. 41(a)(2); *see also Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015) ("A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." (citations omitted)). Furthermore, "in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit[.]" *Fisher*, 940 F.2d at 1502–03. Here, as Defendants will not suffer plain prejudice as a result of the dismissal, Plaintiff's Motion to Dismiss (Doc. 48) is therefore **GRANTED**, and this action is **DISMISSED without prejudice**.

**SO ORDERED**, this 9th day of January, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**